UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cr-80141-Smith/Reinhart

18 U.S.C. § 1343
18 U.S.C. § 982(a)(2)(A)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

**RAYMOND GIBSON,**
a/k/a "Ramon Gibson Vargas,"

Defendant.
_____/

FILED BY **TM** D.C.
Oct 31, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### *The CARES Act*

1.  The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2.  As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

3.  The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to

1

the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

### *The Economic Injury Disaster Loan Program*

4. The Economic Injury Disaster Loan ("EIDL") program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters. The CARES Act authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

### *The Defendant and Relevant Entity*

5. Defendant **RAYMOND GIBSON** was a resident of Boca Raton, Florida.

6. Raymond Gibson LLC was a Florida corporation with an address listed in Boca Raton, Florida. **RAYMOND GIBSON** was the managing member of Raymond Gibson LLC.

### COUNTS 1 and 2
### Wire Fraud
### (18 U.S.C. § 1343)

7. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

8. From on or around April 14, 2020, continuing through on or about November 15, 2021, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**RAYMOND GIBSON,**
a/k/a "Ramon Gibson Vargas,"

did knowingly, and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and

artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

## PURPOSE OF SCHEME AND ARTIFICE

9. It was the purpose of the scheme and artifice for the defendant to unlawfully enrich himself, by submitting false and fraudulent EIDL applications to SBA, which contained false information relating to Raymond Gibson LLC's gross revenue for the twelve months prior to the date of the disaster (January 31, 2020), and then using the subsequent loan proceeds for his personal use and benefit.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

10. The matter and means by which the defendant, **RAYMOND GIBSON**, sought to accomplish the scheme and artifice to defraud included, among others, the following:

11. On or about April 14, 2020, **RAYMOND GIBSON** submitted and caused to be submitted an EIDL application on behalf of Raymond Gibson LLC to SBA's online portal. This EIDL application, which sought approximately $150,000 in EIDL funds, included false statements about Raymond Gibson LLC's gross revenues, that is, $350,000, for the twelve months prior to the date of the disaster (January 31, 2020). As a result of the false and fraudulent statements, SBA approved the application and sent the requested funds to a bank account on which **RAYMOND GIBSON** was the sole signatory.

12. **RAYMOND GIBSON** spent much of the loan proceeds for his personal use and benefit.

13. On or about July 2, 2020, **RAYMOND GIBSON** submitted and caused to be submitted an EIDL application on behalf of Raymond Gibson LLC to SBA's online portal. This EIDL application included false statements about Raymond Gibson LLC's gross revenues, that is,

$1,500,000, for the twelve months prior to the date of the disaster (January 31, 2020). SBA denied the application.

14. On or about March 8, 2021, **RAYMOND GIBSON** submitted and caused to be submitted an EIDL application on behalf of Raymond Gibson LLC to SBA's online portal. This EIDL application included false statements about Raymond Gibson LLC's gross revenues, that is, $3,500,000, for the twelve months prior to the date of the disaster (January 31, 2020). SBA denied the application.

15. On or about April 15, 2021, **RAYMOND GIBSON** submitted and caused to be submitted a modification to his April 14, 2020 EIDL application on behalf of Raymond Gibson LLC to SBA's online portal. This EIDL application requested an additional $500,000 in connection with his loan. SBA denied the modification.

16. On or about November 15, 2021, **RAYMOND GIBSON** submitted and caused to be submitted an EIDL application on behalf of Raymond Gibson LLC to SBA's online portal. This EIDL application included false statements about Raymond Gibson LLC's gross revenues, that is, $14,500,000, for the twelve months prior to the date of the disaster (January 31, 2020). SBA denied the application.

## USE OF THE WIRES

17. On or about the dates specified below, in Palm Beach County, in the Southern District of Florida and elsewhere, the defendant,

**RAYMOND GIBSON,
a/k/a "Ramon Gibson Vargas,"**

for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were

false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signal, pictures, and sounds, that is, an electronic transmission of a fraudulent EIDL application in the name of the entity described in the table below to SBA.

| COUNT | APPROXIMATE DATE OF WIRE TRANSMISSION | ENTITY |
|---|---|---|
| 1 | April 14, 2020 | Raymond Gibson LLC |
| 2 | July 2, 2020 | Raymond Gibson LLC |

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **RAYMOND GIBSON**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without

difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(2)(A) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
SHANNON SHAW
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

RAYMOND GIBSON,
a/k/a "Ramon Gibson Vargas"
_____/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- ☐ Miami   ☐ Key West   ☐ FTP
- ☐ FTL     ☒ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) __No__
   List language and/or dialect: _____
4. This case will take __7__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    ☐ 0 to 5 days
   - II   ☒ 6 to 10 days
   - III  ☐ 11 to 20 days
   - IV   ☐ 21 to 60 days
   - V    ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) __No__
   If yes, _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) __No__
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) __No__
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? (Yes or No) __No__
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) __No__
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? __No__
16. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? __No__

By: _____
Shannon Shaw
Assistant United States Attorney
FL Bar No.                    92806

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: RAYMOND GIBSON, a/k/a "Ramon Gibson Vargas"

**Case No**: _____

Counts #: 1 and 2

Wire Fraud

18 U.S.C. § 1343
* **Max. Term of Imprisonment:** 20 years' imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release:** 3 years term of supervised release
* **Max. Fine: $250,000 fine or twice the gross loss or gross gain**

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.